IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMAR JEIREB,<br><br>                         *Petitioner,*<br><br>v.<br><br>JAMAL L. JAMISON, et al.,<br><br>                         *Respondents.* | CIVIL ACTION<br><br>NO. 26-70 |

## ORDER

**AND NOW**, this 8th day of January 2026, upon consideration of the Petition for a Writ of *Habeas Corpus*, (Dkt. No. 1), and the Government's Response in Opposition, (Dkt. No. 3), it is hereby **ORDERED** that the Petition, (Dkt. No. 1), is **GRANTED** as follows:

1. **Jeireb is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)**, and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).[1]

---

[1]    Amar Jeireb entered the United States around February 1, 2024 without inspection. (Pet. ¶ 2, Dkt. No. 1.) After his entry, Customs and Border Patrol apprehended him near Otay Mesa, California, (*Id.* ¶ 3), and removal proceedings began against him, (*Id.*) Jeireb then filed an application for asylum that remains pending. (*Id.*) On January 2, 2026, ICE agents arrested Jeireb, (*Id.* ¶ 4), and transferred him to the Philadelphia Federal Detention Center, (*Id.* ¶ 40.) The immigration judge has not considered Jeireb's bond request, (*Id.* ¶ 41), and he remains detained to this day, (*Id.* ¶ 42.)

Jeireb filed a federal *habeas* petition on January 7, 2026, alleging violations of the Immigration and Nationality Act, the Administrative Procedure Act and due process. He seeks release from detention and a bond hearing. *See* (Pet. at 14–16). The Government argues that the Court lacks jurisdiction and, even if it had jurisdiction, noncitizens in this country like Jeireb are subject to mandatory detention under the INA. *See* (Gov't Resp. in Opp'n at 1–2, Dkt. No. 3). The Court disagrees on both counts.

First, as the Government points out, "[t]he vast majority of courts—including all decisions in this district (more than 50 to date)—have rejected the government's position." *See* (*Id.* 1–2 & n.1(collecting cases)). As Judge Diamond found, nearly 288 district courts have considered similar allegations as here, and 282 have rejected the Government's position. *See generally Demirel v. Fed. Detention Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025). Second, Jeireb's

2. **On or before January 15, 2026**, the current Director of Immigration and Customs Enforcement for the Philadelphia Field Office shall provide Jeireb with a bond hearing in accordance with 8 U.S.C. § 1226(a).

3. Should the Immigration Judge deny bond, the Director of Immigration and Customs Enforcement for the Philadelphia Field Office **shall provide** Jeireb the opportunity to appeal to the Board of Immigration Appeals.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.

---

detention is discretionary—not mandatory—under 8 U.S.C. § 1226(a) and not § 1225(b) for similar reasons.  *See id.*

"In these circumstances, the law is clear: The Government detained [Jeireb] pursuant to § 1226(a), which allows him to seek bond at a hearing before an [Immigration Judge]." *Id.*, at *5 (citation modified).  Given that basis, the Court need not address Jeireb's APA and due process claims.