### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AMAR JEIREB,

          *Petitioner,*

    v.

JAMAL L. JAMISON, et al.,

          *Respondents.*

CIVIL ACTION
NO. 26-70

**Pappert, J.**                                                      **February 5, 2026**

### MEMORANDUM

On January 2, 2026, Immigration and Customs Enforcement agents detained Amar Jeireb for being in the country illegally.  Jeireb then filed a federal *habeas* petition, alleging his detention violated the Immigration and Nationality Act and the Fifth Amendment's Due Process Clause.  The Court granted Jeireb's petition on January 8, 2026 and ordered the Director of Immigration and Customs Enforcement for the Philadelphia Field Office to provide Jeireb with a bond hearing within a week.  The Order also noted Jeireb's opportunity to appeal any adverse decision by the immigration judge to the Board of Immigration Appeals.  An immigration judge held a hearing and, after considering all the evidence, denied bond because Jeireb had failed to prove he was not a flight risk.

Instead of requesting a bond redetermination from the immigration judge or appealing the decision to the BIA, Jeireb moves to modify the Court's January 8, 2026 Order under Federal Rule of Civil Procedure 60(b), seeking immediate release or alternatively for the Court to set a "reasonable bond to secure [his] release."  The Court denies the motion.

1

I

Amar Jeireb is a citizen of Mauritania.  (Pet. ¶ 17, Dkt. No. 1.)  In February of 2024, he entered the United States "without inspection."  (*Id.* ¶ 2.)  Customs and Border Protection agents apprehended Jeireb near Otay Mesa, California, released him, and began removal proceedings against him.  (*Id.* ¶ 3); *see generally* (Pet. Ex. A, Dkt. No. 1-1).  He then filed an asylum application on April 9, 2024, *see* (Mot. Ex. C at 17, Dkt. No. 7-1), which remains pending, *see* (Pet. ¶ 3).

ICE agents arrested Jeireb near his home in Philadelphia on January 2, 2026, (*Id.* ¶ 4), and transferred him to the Philadelphia Federal Detention Center, (*Id.* ¶ 40.)  During that time, Jeireb was subject to mandatory detention under 8 U.S.C. § 1225(b)—making him ineligible for a bond redetermination hearing.  (*Id.* ¶¶ 22, 28, 30); *Matter of Yajure Hurtado*, 29 I. & N. 216 (BIA 2025).  Five days later, Jeireb filed a federal *habeas* petition and claimed his mandatory detention violated the INA, bond regulations and due process.  (Pet. at 14–16).

The Court granted Jeireb's petition, holding he was not subject to mandatory detention under § 1225(b) and instead may be detained, if at all, under § 1226(a).  (Jan. 8, 2026 Order ¶ 1, Dkt. No. 4.)  The Court ordered the Philadelphia ICE Director to provide Jeireb with a bond hearing on or before January 15, 2022, (*Id.* ¶ 2), as well as the opportunity to appeal, if necessary, to the BIA, (*Id.* ¶ 3.)

The immigration judge scheduled Jeireb's bond hearing for January 14.  (Mot. Ex. A at 4 ¶ 1, Dkt. No. 7-1.)  Hours before the hearing, Jeireb sought from the Court an extension of the hearing date because he purportedly had not been able to gather the documents he needed.  *See* (Mot. for Extension of Time ¶ 2, Dkt. No. 5).  The Court

granted the request and allowed the bond hearing to take place on or before January 22. (Jan. 14, 2026 Order, Dkt. No. 6.) Jeireb then sought more time from the immigration judge, *see generally* (Mot. Ex. A), but the judge denied the request, stating Jeireb "should have been ready" for a bond hearing when he filed his *habeas* petition two weeks earlier, *see* (*Id.* Ex. B at 10).

The immigration judge proceeded with the hearing, and Jeireb presented his evidence, to include the biographic page from his Mauritanian passport, his pending asylum application, and his TD Bank statement reflecting his Philadelphia address and income from his work with DoorDash. (*Id.* Ex. C. at 16–18.) He also attached letters from his brother Mamine Jeireb and best friend Ely Mohamed, both of whom confirmed his good moral character. (*Id.* at 20, 22.) The immigration judge nonetheless denied bond because Jeireb "failed to show that he is not a flight risk." (*Id.* Ex. D at 26, Dkt. No. 7-1.)

## II

Jeireb now wants the Court to modify its January 8, 2026 Order, relying on Federal Rule of Civil Procedure 60(b). Rule 60(b) allows a district court to relieve a party from a final judgment, order or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Jeireb apparently relies on subsection (6), contending he will suffer a "grave miscarriage of justice" without relief.  (Mot. at 3–4.)

Relief under Rule 60(b)(6) is "extraordinary" and only granted "upon a showing of exceptional circumstances."  *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (citation omitted); *see also Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (holding that Rule 60(b) relief "will rarely occur in the *habeas* context").  The movant must show that, without relief, "an 'extreme' and 'unexpected' hardship will result."  *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977) (quoting *United States v. Swift & Co.*, 286 U.S. 106, 119 (1932)).  Doing so requires "a more compelling showing of inequity or hardship than normally would be required to reopen a case under subsections (1) through (5)."  *Project Mgmt. Inst., Inc. v. Ireland*, 144 F. App'x 935, 937 n.1 (3d Cir. 2005) (citation omitted).

Jeireb claims his circumstances are extraordinary or exceptional because he "has not been provided a fair opportunity to be heard on bond."  *See* (Mot. at 4).  He asserts an appeal to the BIA would take too long and, if he remains detained, leave him little time to prepare his asylum case.  (*Id.*)  He insists that had he not filed his *habeas* petition, he would have been able to withdraw his motion for bond and refile when he was prepared.  (*Id.* ¶ 8.)  But none of these purported reasons constitute the extraordinary or exceptional circumstances necessary for relief.  *See Nellom v. Ambrose*, No. 23-1388, 2023 WL 3380622, at *1 n.1 (3d Cir. May 11, 2023) (holding that "mere

4

dissatisfaction" does not warrant relief under Rule 60(b)). Jeireb's circumstances are no more extraordinary than any other immigration detainee under § 1226(a) who had their bond request denied or who remains detained while seeking asylum. *See, e.g.*, *Wogoman v. Abramajtys*, 243 F. App'x 885, 890 (6th Cir. 2007) (rejecting Rule 60(b)(6) relief because petitioner's circumstances were "no more extraordinary than [] countless other petitioners"); *Diaz v. Stephens*, 731 F.3d 370, 377 (5th Cir. 2013) (same).

Jeireb's remedy is an appeal to the BIA, something he acknowledges he can do. (Mot. at 4, 6); 8 C.F.R. § 236.1(d)(3). Alternatively, Jeireb can request a subsequent bond redetermination from the immigration judge, *see* (Mot. at 5); 8 C.F.R. § 1003.19(e), and appeal that decision should he disagree, *see* 8 C.F.R. § 236.1(d)(3). What Jeireb can't do is use Rule 60(b) to circumvent the administrative appellate process. *See Martinez–McBean v. Gov't of V.I.*, 562 F.2d 908, 911 (3d Cir. 1977) ("[C]ourts must be guided by 'the well established principle that a motion under Rule 60(b) may not be used as a substitute for appeal.'" (citations omitted)); *Hugo A. A. Q. v. Green*, No. CV 17-5755, 2018 WL 3993456, at *3 (D.N.J. Aug. 21, 2018) ("To the extent Petitioner is dissatisfied with the [immigration judge's] decision at his . . . bond hearing, his remedy is to appeal that decision to the BIA or seek another bond re-determination . . . .").

Most of Jeireb's motion repackages issues he litigated before the immigration judge. He contends his detention is "not justified by flight risk or danger" because he has complied with the terms of his release for two years. (Mot. at 4.) He complains the immigration judge penalized him for seeking *habeas* relief and "forc[ed] him to go forward in his bond case" on the scheduled date. (Mot. ¶ 8.)

As an alternative to releasing him, Jeireb wants the Court to set bond at $1,500, advise the Immigration Court in writing of any change of address, and impose "any additional condition the Court deems appropriate." (*Id.* at 6–7.) That is not the Court's role. Congress has "expressly forbidden" the type of direct review of an immigration judge's bond decision Jeireb seeks. *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018); *see also* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); *Lopez–Morales v. Green*, No. 17-12975, 2018 WL 2175775, at *2 (D.N.J. May 11, 2018) ("District courts sitting in *habeas* review therefore have no jurisdiction to review the decision of an immigration judge denying bond.").

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.